UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-11633-DMG (JCx) | Date | February 24, 2021 |
| Title | *Monique Bunn v. Damon Anthony Dash, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO STRIKE [25]**

This case is related to another action before this Court between Plaintiff Monique Bunn and Defendant Damon Anthony Dash, *Bunn v. Dash*, No. CV 20-7389-DMG (JCx) ("First Action"). The First Action was originally filed on December 26, 2019 based on events that occurred in April 2019, and alleges claims for sexual assault, conversion, and negligent infliction of emotional distress. *See* First Action Doc. ## 1, 49. On November 16, 2020, Bunn filed a motion for leave to amend to add a cause of action for defamation, based on events that occurred on December 27, 2019. First Action Doc. # 104. The Court denied the motion as untimely. *See* First Action Doc. # 109. Bunn responded by filing her defamation claim as a brand-new lawsuit, initiating this action on December 24, 2019. *See* Complaint [Doc. # 1].

On January 25, 2021, Defendants filed the instant motion to strike ("MTS") the entire Complaint, arguing that the Complaint is duplicative of the First Action and is essentially an attempt to circumvent the Court's order denying leave to amend in the First Action. [Doc. # 25.]

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (alteration in original) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Motions to strike, however, are generally disfavored and "often used as a delaying tactic." *N.Y. City Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).

Although it contains some overlapping allegations, the Complaint is not purely redundant to the First Action. The bulk of it centers on events that occurred after the First Action was commenced. Bunn alleges that, after filing her first lawsuit, Defendants in this action posted a video online with footage taken from the April 2019 incident that contains defamatory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-11633-DMG (JCx) | Date | February 24, 2021 |
|---|---|---|---|
| Title | *Monique Bunn v. Damon Anthony Dash, et al.* | Page | 2 of 2 |

statements.  Compl. ¶¶ 24-29.  The video was allegedly an attempt to retaliate against the filing of the First Action.  *Id.*  While the defamatory statements relate to the events underlying the First Action, they undoubtedly arose in a separate occurrence, eight months later.

Despite the Court's Order denying leave to amend in the First Action, nothing prevents Bunn from initiating a new action, so long as her additional claims are not barred by the statute of limitations.  Defendants provide no legal basis for using a Rule 12(f) motion to nullify a lawsuit that arose from a denial of leave to amend a prior related lawsuit.  Accordingly, the MTS is **DENIED**.  Defendants shall file their Answer by **March 11, 2021**.  The February 26, 2021 hearing is **VACATED**.

**IT IS SO ORDERED**.